DIANKUI LI, Petitioner,

v.

Michael B. MUKASEY,* Attorney General, Respondent.

No. 04–72900.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney

Submitted April 16, 2008.**

Filed April 21, 2008.

Evan L. Murri, Esq., Law Offices of Evan L. Murri, Pomona, CA, for Petitioner.

`Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2)(C).

Before: KOZINSKI, Chief Judge, TASHIMA, and N.R. SMITH, Circuit Judges.

## MEMORANDUM ***

Diankui Li petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's dismissal of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Because Li has not challenged the denial of asylum or CAT relief in his opening brief, he has waived those claims. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996). We therefore review only his claim for withholding of removal.

Substantial evidence supports the BIA's denial of withholding of removal, because Li failed to establish a clear probability of persecution on account of a protected ground. Li claims that he was persecuted based on political opinions imputed to him by the Chinese police. There is, however, no evidence that the police ever suggested that they considered him a Falun Gong sympathizer or supporter; nor is there any evidence that Li ever asserted any support for the Falun Gong movement. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1094–95 (9th Cir.2002).

To the contrary, the evidence indicates that the police arrested, detained, and mistreated Li because they believed he was withholding information about a fugitive,

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

and not because of any imputed political opinion. *See Sangha v. INS,* 103 F.3d 1482, 1489–90 (9th Cir.1997). In each interrogation, Li was asked only about his employee's whereabouts. In fact, Li admitted that the police promised to release him if he simply divulged his employee's location.

Because substantial evidence supports the BIA's denial of withholding of removal, there was no error. The petition for review is

**DENIED.**